UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-81070-RAR

**DANIEL ALEXANDER**,

    Petitioner,

v.

**MARK S. INCH**,

    Respondent.
_____/

## ORDER DENYING HABEAS CORPUS PETITION

**THIS CAUSE** is before the Court upon a *pro se* Petition for Writ of Habeas Corpus. *See* Petition [ECF No. 1] ("Petition"). Respondent filed its "Response to Petition for Writ of Habeas Corpus / Memorandum of Law" [ECF No. 8] ("Response"), and Petitioner did not file a Reply. *See generally* Docket. Having carefully reviewed the record and governing law, and for the reasons set forth below, Ground Two of the Petition is **DENIED** on the merits and all other claims are **DISMISSED** as procedurally defaulted.

## STANDARD OF REVIEW

"As amended by [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")], 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Some of the more restrictive limits are found in § 2254(d). Under that provision, a federal court may grant habeas relief from a state court judgment only if the state court's decision on the merits was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Consequently, § 2254(d) constructs a "highly deferential standard for evaluating state-court rulings" because, after all, this standard "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

"A state court's decision is 'contrary to' federal law if the 'state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Consalvo v. Sec'y, Fla. Dep't of Corr.*, 664 F.3d 842, 844 (11th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)) (brackets omitted). A state court's decision qualifies as an "an unreasonable application of federal law if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Consalvo*, 664 F.3d at 844 (quoting *Williams*, 529 U.S. at 413) (cleaned up). "'If this standard [seems] difficult to meet'—and it is—'that is because it was meant to be.'" *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

By its own plain terms, § 2254(d)'s deferential standard applies only when a claim "was adjudicated on the merits in State court proceedings[.]" *See also Cullen*, 563 U.S. at 181 ("If an application includes a claim that has been adjudicated on the merits in State court proceedings, § 2254(d), an additional restriction applies."); *Cone v. Bell*, 556 U.S. 449, 472 (2009) ("Because the Tennessee courts did not reach the merits of Cone's *Brady* claim, federal habeas review is not subject to the deferential standard that applies under AEDPA."). The summary denial of a claim with no articulated reasons presumptively serves as an adjudication on the merits subjecting the claim to § 2254(d)'s additional restrictions. *See Richter*, 562 U.S. at 100 ("This Court now holds

and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"). This is because federal courts ordinarily presume that § 2254(d)'s deferential standard applies when a constitutional claim has been presented to a state court and denied in that forum. *See, e.g.*, *id.* at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

At the same time, "federal court[s] should 'look through' [an] unexplained decision to the last related state-court decision that *does* provide a relevant rationale" if one exists. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (emphasis added). From there, federal courts "presume that the unexplained decision adopted the same reasoning." *Id.* "[T]he State may rebut [that] presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." *Id.*

## ANALYSIS

### A. Grounds One, Three, and Four

In Ground One, Petitioner contends "[t]he trial court failed and refused to instruct the jury on self[-]defense . . . in violation of the Due Process and Equal Protection Clause (sic)." Petition at 7. Petitioner, in Ground Three, argues the trial court unconstitutionally refused to sever Count 2 from the conduct charged in Count 1. *Id.* at 11. Lastly, in Ground Four, Petitioner contends the trial court unconstitutionally imposed the maximum term of imprisonment. *Id.* at 13.

Respondent argues that Grounds One, Three, and Four were not properly exhausted.[1] *See* Response at 11–12 ("[B]ecause [Ground One] was not fairly presented in federal terms it is unexhausted and all relief must be denied."); *id.* at 16 ("[A] review of the Initial [B]rief establishes that [Ground Three] was raised and argued based upon [state law] . . . [meaning] it has not been properly exhausted."); *id.* at 18 ("[A] review of the initial brief establishes that [Ground Four] has not been fairly presented as a federal constitutional violation[.]").

Pursuant to 28 U.S.C. § 2254(b)–(c), habeas petitioners must exhaust their claims before presenting them in a federal habeas petition. *See also Vazquez v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 964, 966 (11th Cir. 2016) (clarifying this is "[g]enerally" how this rule functions). This requirement is met if a petitioner "fairly present[ed] every issue raised in [their] federal petition to the state's highest court, either on direct appeal or on collateral review." *See Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (cleaned up). "If a petitioner fail[ed] to 'properly' present [their] claim to the state court–by exhausting [their] claim[] and complying with the applicable state procedure–prior to bringing [their] federal habeas claim, then [§ 2254] typically bars [courts] from reviewing the claim." *Id.* In other words, where a petitioner has not "*properly* presented his claims to the state courts," the petitioner will have "procedurally defaulted his claims" in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

"It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting *Kelley v. Sec'y, Fla. Dep't of Corr.*, 377 F.3d 1333, 1343–44 (11th

---

[1] Respondent provided no argument as to whether Ground Two was properly exhausted. *See* Response at 12–15. Of course, that omission is not enough to qualify as a waiver of its exhaustion defense. *See* 28 U.S.C. § 2254(b)(3). But because the Court need not address exhaustion to deny Ground Two on the merits, the Court shall skip over the procedural question. *See* 28 U.S.C. § 2254(b)(2).

Cir. 2004)) (internal quotation marks omitted).  To properly exhaust, a petitioner must present their *federal* constitutional claim in such a manner "that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." *Id.* (cleaned up).  "[S]catter[ing] some makeshift needles in the haystack of the state court record," however, is not enough.  Put contextually, citing a federal source of law or even labeling a claim as "federal" might not be enough in some cases because that would be too "low [a] floor . . . for petitioners seeking to establish exhaustion." *See id.*

The Petitioner, in raising Grounds One, Three, and Four in the Florida Fourth District Court of Appeal during his direct appeal, never cited federal law or labeled any of his claims as "federal." *See* Initial Brief on Appeal [ECF No. 9-1] at 27–66.  Thus, Respondent is correct—these claims were not properly exhausted.  *See McNair*, 416 F.3d at 1302.  Because those claims could only be raised during Petitioner's direct appeal, *see Bruno v. State*, 807 So. 2d 55, 63 (Fla. 2001) ("A claim of trial court error generally can be raised on direct appeal but not in a [postconviction] motion."), these claims are procedurally defaulted in this Court.  *See Henderson v. Campbell*, 353 F.3d 880, 898–99 (11th Cir. 2003) ("A claim is procedurally defaulted for the purposes of federal habeas review where the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." (cleaned up)); *see also Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless judicial ping-pong and just treat those claims now barred by state law as no basis for federal habeas relief." (internal quotation marks omitted)).

There are two equitable doctrines that petitioners may rely upon to excuse the procedural default of their constitutional claims—"cause and prejudice" and "actual innocence." *See Dretke v. Haley*, 541 U.S. 386, 393 (2004) ("[A] federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default. We have recognized a narrow exception to the general rule when the habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense.").

"Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him, . . . impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (cleaned up). "To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different." *Harris v. Comm'r, Ala. Dep't of Corr.*, 874 F.3d 682, 688 (11th Cir. 2017) (quoting *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003)) (internal quotations omitted). The Petitioner's Appellate Counsel didn't frame Petitioner's claims of trial court error as constitutional ones and, based on "principles of agency law," Petitioner "bears the risk of negligent conduct on the part of his agent." *Maples*, 565 U.S. at 281–82. In other words, Petitioner is "bound" by Appellate Counsel's "oversight and cannot rely on it to establish cause." *Id.* at 282. Thus, the Court need not address prejudice.

Petitioner also cannot rely on actual innocence. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). This exception, however, "applies to a severely confined category: cases in which new evidence shows

'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Far from asserting that he is actually innocent, Petitioner "absolutely admits" that he "contribut[ed] to the termination of the victim" when he purportedly acted in "self-defense." Petition at 7. Because "'actual innocence' means factual innocence, not mere legal insufficiency[,]" *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)), Petitioner has not shown this equitable exception applies either. Accordingly, Grounds One, Three, and Four are all **DISMISSED** as procedurally defaulted.

### *B. Ground Two*

With respect to Ground Two, Petitioner claims the trial court unconstitutionally refused to accept his guilty plea. *Id.* at 9. Respondent argues that "[t]here is no federal constitutional right to have the court accept a guilty plea *merely* because it is in the 'best interests' of the defendant to do so." Response at 12 (emphasis added).

The Court is unaware of any decision that suggests defendants have a per se *constitutional* right to have a voluntary guilty plea accepted. In fact, federal courts have explained that there is "no absolute right to have a guilty plea accepted" even when the plea is constitutionally valid. *Santobello v. New York*, 404 U.S. 257, 262 (1971); *Missouri v. Frye*, 566 U.S. 134, 148 (2012) (same); *North Carolina v. Alford*, 400 U.S. 25, 38 n.11 (1970) (same); *United States v. Evans*, 496 F. App'x 950, 954 (11th Cir. 2012) (same). "[S]ound judicial discretion" is all that is needed to justify rejecting a plea. *Santobello*, 404 U.S. at 262. And the Supreme Court has never defined the full "scope of that discretion." *See Alford*, 400 U.S. at 38 n.11. But again, there is no case

suggesting that the Constitution requires a judge to accept every guilty plea that is voluntarily entered.

The record shows that the trial court provided reasons for rejecting a possible open guilty plea *before* trial. *See* Trial Transcript Volume IV [ECF No. 10-4] at 21 ("[W]hy don't we get those photographs to [defense counsel], if you can, sometime today so he can intelligently advise his client whether to plead guilty to Counts II and III open to the Court and then, at the same time, I can rule on the objections out of the presence of the jury and make a relevancy determination as to those issues that, you know, under [Rule] 403, whether those photographs are relevant.").

The record also shows that the trial court provided its reasons for rejecting a guilty plea during trial. Specifically, the Petitioner intended to maintain his innocence on Counts I and III of the indictment and plead guilty only to Count II. *See* Trial Transcript Volume VII [ECF No. 10-6 at 138]. The trial court judge began by stating that rejecting mixed guilty pleas was not its "universal policy" and that it considers guilty pleas "on a case-by-case basis" when a defendant wishes to "plead guilty to certain counts and maintain [their] innocence" on others. *Id.* at 140. The trial court then explained that, in its discretion, the guilty plea to Count II would be accepted if Petitioner entered a voluntary plea on Count III because of its "vested interest in the due administration of justice" even though Count II had already been severed from Count III. *See id.* at 139–48. At the same time, the trial court was clear in expressing that it never wanted Petitioner to enter into a plea on Count III if it was not voluntary. *See id.* at 148 ("I have no interest in taking any involuntary pleas. I will not do that, but if he wishes to enter a voluntary plea as to Counts II and III, whether one be guilty and one be an *Alford* plea, I have no problem doing that in his best interest[.]").

The Fourth DCA affirmed without an explained decision. *Alexander v. State*, 127 So. 3d 519 (Fla. 4th DCA 2013). Thus, the Fourth DCA's silent affirmance presumptively qualifies as an adjudication on the merits. *See Richter*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). In addition, as this Court must "look through" to the next reasoned decision, the Court accepts the trial court's reasoning and the briefing on appeal as the presumptive reasoning of the Fourth DCA. *See Wilson*, 138 S. Ct. at 1192.

In short, § 2254(d) applies to this claim. Because § 2254(d) applies, Petitioner's claim is subject to a higher standard than what would ordinarily apply on direct appeal. *See generally Richter*, 562 U.S. at 101 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."). "The more general the [underlying] rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* Because a trial court's decision to reject a guilty plea turns entirely on discretion, and the Supreme Court has never defined the outer contours of that discretion, Petitioner cannot meet his burden under § 2254(d) in this case. This claim must therefore be denied.

## EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter. *See Shriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the [state court] record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

## **CERTIFICATE OF APPEALABILITY**

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA"). A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his habeas petition. Rather, to pursue an appeal, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And "[w]here a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)).

Here, reasonable jurists would not find the Court's procedural resolution of Grounds One, Three, and Four debatable or wrong. One claim is worth addressing. In Ground Two, the Court explained that Petitioner cannot meet his burden under § 2254(d). Although jurists might have exercised their own discretion differently than the trial court's discretion, reasonable jurists could not debate that Petitioner simply cannot meet § 2254(d)'s deferential standard. Accordingly, a COA must be denied on all claims.

## CONCLUSION

Having carefully reviewed the record and governing law, it is hereby

**ORDERED AND ADJUDGED** that the Petition [ECF No. 1] is **DENIED** as to Ground Two and **DISMISSED** on all other counts. The certificate of appealability is **DENIED**, and an evidentiary hearing is **DENIED**. All deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot. Accordingly, this case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of January, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Daniel Alexander
      W06402
      Hamilton Correctional Institution
      Inmate Mail/Parcels
      10650 SW 46th Street
      Jasper, FL 32052
      PRO SE

      Melanie Dale Surber
      Attorney General Office
      1515 N Flagler Drive
      9th Floor
      West Palm Beach, FL 33401-3432
      561-837-5000
      Fax: 837-5099
      Email: crimappwpb@myfloridalegal.com

      Noticing 2254 SAG Broward and North
      Email: CrimAppWPB@MyFloridaLegal.com